UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0270 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY JEROME BAILEY, | |
| Defendant. | |

Surya Saxena, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Thomas G. Dunnwald, DUNNWALD & PETERSON, P.A., for defendant.

Timothy Bailey is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The gun in question was found after Officer Daniel Irish pulled over a car in which Bailey was riding as a passenger because Bailey was not wearing a seatbelt.  After the car stopped, Bailey leapt out and fled, and the car drove off.  Officer Irish chased Bailey on foot.  Eventually, other officers arrived, and Bailey was found with the aid of a police dog.  After Bailey was found, Officer Irish took Bailey back to his squad car.  ECF No. 28 at 13-14.  In the squad car, Officer Irish and Bailey discussed "the possibility of a warrant," but Officer Irish did not advise Bailey of his *Miranda* rights.  *Id.* at 15.

A neighbor appeared and told Officer Irish that he had found a gun nearby.  *Id.* at 15-16.  After Officer Irish left the squad car to retrieve the weapon, a video camera in

the car recorded Bailey exclaiming, "Damn, they found that gun!"  *Id.* at 16-18; Gov. Ex. 1, Sept. 26, 2014, Mot. Hr'g.  Bailey was alone in the squad car at the time that he made this incriminating statement.  Officer Irish recovered a loaded handgun and a black Samsung cell phone.  Gov. Ex. 2 at 1-2; Gov. Ex. 3 at 1-2b.

The police applied for and were issued warrants targeting data stored on the phone and account information associated with the phone's number.  Gov. Exs. 2-3.  The affidavits submitted in support of the warrant applications described tips from informants and surveillance videos that tied Bailey, the gun, and the phone to an unsolved murder and an armed robbery.  *Id.*  The record does not reveal what was discovered during the authorized searches.

This matter is before the Court on Bailey's objection to the October 27, 2014, Report and Recommendation ("R&R") of Magistrate Judge Tony Leung.  ECF Nos. 33, 34.  Judge Leung recommends denying Bailey's motions to suppress the statements and other evidence stemming from Bailey's encounter with Officer Irish.  ECF Nos. 20-22.  (Judge Leung construed Bailey's "motion to dismiss," ECF No. 22, as a motion to suppress, ECF No. 33 at 4 n.1, without objection.)  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).  Based on that review, the Court agrees with Judge Leung's analysis and adopts his thorough R&R.  Only three matters merit comment:

*First*, Bailey objects that his flight in an area not known to be "high crime" distinguishes his case from *Illinois v. Wardlow*, 528 U.S. 119 (2000), which Judge Leung cited when concluding that Officer Irish's pursuit and arrest of Bailey were justified. But this does not distinguish the other case on which Judge Leung relied: *United States v. Horton*, 611 F.3d 936 (8th Cir. 2010). In *Horton*, the Eighth Circuit held that the fact that the defendant "briskly walked away from [a] bus station" after "seeing [an] approaching police car" helped to give the police a reasonable, articulable suspicion that a crime had been committed; there was no indication that the bus station was located in a high-crime area. *Id.* at 939-40. "[U]nprovoked flight at the sight of an officer can contribute to reasonable, articulable suspicion" justifying the seizure of a suspect. *Id.* at 940. When Bailey leapt out of the car and ran, he gave Officer Irish reasonable, articulable suspicion that he had committed a crime.

In any event, Bailey's running and hiding from Officer Irish (who had lawfully stopped him for not using his seatbelt) was *itself* a crime—specifically, a violation of Minn. Stat. § 609.487, subd. 6—and Officer Irish unquestionably had probable cause to pursue and arrest Bailey for *that* crime. *See United States v. Sledge*, 460 F.3d 963, 966-67 (8th Cir. 2006) (denying suppression when defendant's attempted flight from car permitted his arrest for obstructing peace officer under Nebraska law); *Slusarchuk v. Hoff*, 346 F.3d 1178, 1182 (8th Cir. 2003) (no liability in civil-rights suit when plaintiff

refused to stop and "officers clearly had probable cause to pursue" for violation of Minnesota flight statute).

*Second*, Bailey maintains that Officer Irish's questioning him without *Miranda* warnings renders inadmissible his exclamation about the gun. But *Miranda* warnings are required only before custodial *interrogations*; an "interrogation" is "questioning initiated by law enforcement officers," *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), or "any words or actions on the part of the police . . . reasonably likely to elicit an incriminating response," *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). The problem with Bailey's argument is that it "fails to recognize the essential link between coercive activity of the State, on the one hand, and a resulting confession by a defendant, on the other." *Colorado v. Connelly*, 479 U.S. 157, 165 (1986). Bailey's exclamation was prompted not by any interrogation or other coercive activity by Officer Irish, but instead by the neighbor—a private actor—telling Officer Irish that he had found a gun. Nothing suggests that the neighbor was acting at the prompting or direction of Officer Irish or any other government actor. Therefore, Bailey's self-incriminatory exclamation was not obtained by the police in violation of his constitutional rights. *See Snethen v. Nix*, 885 F.2d 456, 459-60 (8th Cir. 1989) (no interrogation when, after police ceased questioning defendant, defendant's mother "prodded" defendant to confess).

*Third*, Bailey appears to fault Judge Leung's conclusion that the warrant applications for the cell phone and cell-phone records were supported by affidavits establishing probable cause that the police would find evidence of "criminal activity" in general, rather than evidence of the particular crime for which Bailey was later charged. Bailey appears to assert that because the affidavits describe conduct related to a robbery and murder, the warrants are "invalid" for purposes of his prosecution for illegally possessing a firearm.

There are a couple of problems with Bailey's argument.  First, it is not clear what exactly Bailey wants suppressed since it is not clear whether any incriminating evidence was found during the cell-phone searches—and, if so, how that evidence is relevant to this case.  Second, Judge Leung asked exactly the question that the Eighth Circuit has directed be asked—that is, whether affidavits supporting a search warrant establish "a probability of criminal conduct."  *United States v. Alexander*, 574 F.3d 484, 489 (8th Cir. 2009) (emphasis omitted).  As the Eighth Circuit has explained:

> [A] magistrate reviewing a warrant application is charged with the duty of determining whether a "fair probability that contraband or evidence of a crime will be found in a particular place." [*United States v. Hart*, 544 F.3d 911, 914 (8th Cir. 2008) (quotation omitted).]   Indeed, "[i]t is not necessary for an affidavit to include the name of the specific crime alleged." *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir.2007), *cert. denied*, [552 U.S. 1104] (2008).  "Rather, only a *probability* of criminal conduct need be shown." *Id.* (quotation omitted).

*Alexander*, 574 F.3d at 489.

In short, an affidavit supporting a search warrant needs to establish only that evidence of *a* crime—*any* crime—will probably be found, not that evidence of a *specific* crime will probably be found. The Court finds that the affidavits submitted in support of the warrants to search Bailey's cell phone and cell-phone records established a fair probability that evidence of criminal conduct would be discovered, and thus any evidence found during the authorized searches need not be suppressed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Bailey's objection [ECF No. 34] and ADOPTS the October 27, 2014, R&R [ECF No. 33]. IT IS HEREBY ORDERED THAT:

1. Bailey's motion to suppress statements [ECF No. 20] is DENIED.

2. Bailey's motion to suppress evidence [ECF No. 21] is DENIED.

3. Bailey's motion to dismiss [ECF No. 22] is DENIED.

Dated: January 26, 2015        s/ Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge