UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0270 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY JEROME BAILEY, | |
| Defendant. | |

Surya Saxena, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Timothy Jerome Bailey, defendant, pro se.

Defendant Timothy Jerome Bailey was convicted by a jury of being a felon in possession of a firearm and sentenced to ten years' imprisonment.  ECF No. 93.  Bailey appealed his conviction to the Eighth Circuit, which affirmed.  *United States v. Bailey*, No. 15-3591, 2016 WL 4151219 (8th Cir. Aug. 5, 2016).  The mandate was issued on September 26, 2016.  ECF No. 119.

Shortly after the mandate was issued, Bailey sent a letter to the Clerk of the Eighth Circuit asking for two things:  (1) "an extension of at least a month 1/2 [sic] from my dead line [sic] date, to file a timely an [sic] proper habeas petition"; and (2) "an extension so that i [sic] could file A [sic] timely petition for a rehearing in my case."  ECF No. 120.  The Clerk of the Eighth Circuit indicated that the Eighth Circuit would address Bailey's request for an extension of time to file a rehearing petition, and

forwarded to this Court Bailey's request for an extension of time to file a habeas petition. ECF No. 120-1. The latter request was docketed as a motion. ECF No. 120.

Under 28 U.S.C. § 2255(f)(1), habeas petitions must be filed within one year after the date on which the judgment of conviction becomes final. Bailey has identified no authority that would allow this Court to prospectively extend this deadline, and the Court is not aware of any such authority.[1] Therefore the Court must deny Bailey's motion.

The Court notes, however, that Bailey seems to believe that he must file his habeas petition by "some time in november [sic]." ECF No. 120. Bailey is mistaken. Again, the one-year statute of limitations does not begin to run until "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Bailey's judgment of conviction did not become "final" for purposes of § 2255(f)(1) when it was entered on November 5, 2015. In fact, Bailey's judgment of conviction has still not become final for purposes of § 2255(f)(1). *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for

---

[1] If Bailey files a habeas petition—and if the government raises the statute of limitations as a defense—the Court may or may not have authority to equitably toll the deadline, depending on the reasons for the late filing. *See Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). But the Court has no authority to extend the deadline before a habeas petition is filed.

seeking such review expires."); Sup. Ct. R. 13(1) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case . . . entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); Sup. Ct. R. 13(3) ("[I]f a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing . . . ."). In short, Bailey does not appear to need the extension that he seeks.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion of defendant Timothy Jerome Bailey for an extension of time to file a § 2255 petition [ECF No. 120] is DENIED.

Dated: October 13, 2016   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge