UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Case No. 14-CR-0270 (PJS/TNL) |
|---|---|
| Plaintiff, | Case No. 17-CV-2406 (PJS) |
| v. | ORDER |
| TIMOTHY JEROME BAILEY, | |
| Defendant. | |

A jury convicted defendant Timothy Jerome Bailey of possessing a firearm as a felon. ECF No. 78. At sentencing, the Court calculated an advisory sentencing range of 100 to 120 months based in part on the finding that Bailey had at least two prior felony convictions for crimes of violence. This had the effect of raising his base-offense level to 24. *See* ECF No. 111 at 5:12-14; U.S.S.G. § 2K2.1(a)(2).

The Court sentenced Bailey to 120 months in prison, the top of the guidelines range and the statutory maximum. ECF No. 93. In describing the reasons for its sentence, the Court cited a large number of aggravating factors, including that Bailey had fled from a traffic stop and defied the orders of a police officer to stop running; Bailey had dropped his gun in a residential backyard where it was found by two small children; Bailey had demonstrated no remorse for his crime and instead had expressed contempt for the grandfather of the children, who had alerted police to Bailey's gun; Bailey's extensive and violent criminal history, which put him in criminal-history

category VI with points to spare; the fact that Bailey had committed his crime within a year after being released from prison and while on supervised release; Bailey's numerous infractions while in prison, while on supervised release, and even while in jail awaiting sentencing in this case; and the fact that Bailey had no real job history, but instead had made his living by stealing, selling drugs, and taking money from his mother. ECF No. 111 at 14:23-16:18.

The United States Court of Appeals for the Eighth Circuit affirmed Bailey's conviction on direct appeal. ECF Nos. 117-18. Bailey has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Bailey raises two claims: a claim that his prior convictions do not qualify as crimes of violence and a claim that his trial counsel was ineffective in failing to raise this issue.[1] The Court will address each claim in turn.

## I. CRIMES OF VIOLENCE

Bailey's first claim is that the Court incorrectly calculated his guidelines range when he was sentenced. This claim, however, is not cognizable under § 2255.

Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc)

---

[1]Bailey's motion also refers to the calculation of his criminal-history score and to his purported status as a career offender. *See* ECF No. 123 at 2. But Bailey does not identify any error in the calculation of his criminal-history category, and he was not designated as a career offender.

(quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, its text allows federal prisoners to challenge a sentence that "was imposed in violation of the Constitution or laws of the United States, or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This language "provides a remedy for jurisdictional and constitutional errors" that would "inherently result[] in a complete miscarriage of justice." *Sun Bear*, 644 F.3d at 704 (citations omitted). But "ordinary questions of guideline interpretation" generally "may not be re-litigated under § 2255," as long as the defendant's sentence does not "exceed[] the statutory maximum for the offense of conviction." *Id.* at 704-05 (citations omitted).

Bailey's sentence of 120 months did not exceed the statutory maximum of 10 years for his offense. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Therefore, to the extent that his § 2255 motion argues that the Court erred in calculating his guidelines range, this claim is not cognizable under § 2255.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Bailey's second claim fares no better. To succeed on this claim, Bailey must show "that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Hamberg v. United States*, 675 F.3d 1170, 1172 (8th Cir. 2012)

(citation omitted). But a "failure to anticipate a change in the law will not establish that counsel performed below professional standards." *Id.* at 1173 (citation omitted). A lawyer cannot be deemed ineffective for "fail[ing] to object to the correct application of settled law within our circuit." *Id.*

That is what happened here. Bailey was sentenced on November 5, 2015. At that time, he had two felony burglary convictions—one for first-degree burglary in violation of Minn. Stat. § 609.582, subd. 1, and one for third-degree burglary in violation of Minn. Stat. § 609.582, subd. 3. And Eighth Circuit case law was clear that third-degree burglary under Minnesota law was a "crime of violence" for guidelines purposes. *See United States v. LeGrand*, 468 F.3d 1077, 1081-82 (8th Cir. 2006); *United States v. Mohr*, 407 F.3d 898, 900-02 (8th Cir. 2005). One month after Bailey was sentenced, the Eighth Circuit also held that Minnesota's first-degree burglary statute was a "crime of violence" for guidelines purposes. *See United States v. Mohamed*, 623 F. App'x 839, 840 (8th Cir. 2015). Thus, when Bailey was sentenced, his burglary convictions were crimes of violence for guidelines purposes.[2]

For these reasons, Bailey's counsel was not ineffective for "fail[ing] to object to the correct application of [then-]settled law." *Hamberg*, 675 F.3d at 1173. Had Bailey's

---

[2]Because Bailey's two burglary convictions were enough to increase his base-offense level to 24, the Court need not decide whether Bailey's conviction for terroristic threats was also a crime of violence for guidelines purposes. *See* U.S.S.G. § 2K2.1(a)(2).

-4-

counsel made the objections that Bailey says he should have made, the Court would have overruled those objections, calculated the same guidelines range, and imposed the same sentence.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Timothy Jerome Bailey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 123] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 28, 2017          s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge