UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                              Case No. 14-CR-0270 (PJS/TNL)

　　　　　　Plaintiff,

v.                                                                          ORDER

TIMOTHY JEROME BAILEY,

　　　　　　Defendant.

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Timothy Jerome Bailey, pro se.

Defendant Timothy Jerome Bailey is serving a 120-month sentence after being

convicted of possessing a firearm as a felon.  ECF No. 93 at 1–2.  At sentencing, the

Court found that Bailey had at least two prior felony convictions for crimes of violence,[1]

and thus that the United States Sentencing Guidelines recommended a sentence of

100 to 120 months.  ECF No. 111 at 5:12–14; U.S.S.G. § 2K2.1(a)(2); ECF No. 125 at 1.

After the United States Court of Appeals for the Eighth Circuit affirmed Bailey's

conviction on direct appeal, he filed a motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255.  ECF No. 123.  In his § 2255 motion, Bailey argued that his prior

---

[1]Bailey was convicted of Terroristic Threats in Carlton County District Court on February 23, 2005; First Degree Burglary in Hennepin County District Court on April 5, 2006; and Aiding and Abetting Third Degree Burglary in Hennepin County District Court on September 6, 2011.  *See* ECF No. 97 at 6.

convictions did not qualify as crimes of violence and that his trial counsel was

ineffective for failing to so argue.  Bailey also contended that the Court miscalculated

his criminal history (he did not explain how) and that he was improperly designated as

a career offender (he actually had not been designated as a career offender at all).  *Id.* at

1–2; ECF No. 125 at 2.  The Court denied Bailey's § 2255 motion on September 28, 2017.

ECF No. 125.

Two years later, Bailey filed a "Motion for Correction of a Clerical Error Pursuant

to Fed. R. Crim. P. 36" in which he argued—again—that the Court miscalculated his

guidelines range when he was sentenced.  ECF No. 130.  The Court denied Bailey's

motion, explaining that the motion was "in substance a second or successive motion for

relief under § 2255" and that Bailey had not received permission to bring such a motion

from the Eighth Circuit, as was required by 28 U.S.C. §§ 2244(b) and 2255(h).  ECF

No. 131 at 1–2.  Bailey then petitioned the Eighth Circuit for permission to file a second

§ 2255 motion.  ECF No. 132.  On October 8, 2019, the Eighth Circuit denied Bailey's

request.  ECF No. 134.

Another two years have passed, and this matter is before the Court on what

Bailey labels as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  But

there are plainly no "extraordinary and compelling reasons" to reduce Bailey's

sentence.  Rather, Bailey is attempting to use the vehicle of a compassionate-release

request to bring a successive motion under § 2255 without getting the permission of the

Eighth Circuit.  *See* 28 U.S.C. § 2255(h).

*First*, Bailey contends that his conviction for possessing a firearm as a felon is

invalid because of the Supreme Court's subsequent decision in *Rehaif v. United States*,

139 S. Ct. 2191 (2019).  But in order to obtain relief from his conviction based on a

change in the law, Bailey must first obtain permission from the Eighth Circuit to file a

successive § 2255 motion, and to receive that permission he must make a prima facie

showing that his motion is based on "a new rule of constitutional law, made retroactive

to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(2).  Bailey cannot meet these requirements, as *Rehaif* did not

announce a new rule of *constitutional* law.  And Bailey "cannot avoid the restrictions of

the post-conviction relief statute by resorting to a request for compassionate release

instead."  *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022);[2] *see also United States*

*v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a

sentence through a § 2255 motion . . . and a post-judgment motion that fits the

description of a motion to vacate, set aside, or correct a sentence should be treated as a

§ 2255 motion."); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is

---

[2]In arguing to the contrary, Bailey relies on the Fourth Circuit's decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).  But this Court is bound by the decisions of the Eighth Circuit, not the Fourth Circuit, and the Eighth Circuit has explicitly said that it does not agree with *McCoy*.  *See Crandall*, 25 F.4th at 585.

well-established that inmates may not bypass the authorization requirement . . . for

filing a second or successive . . . § 2255 action by purporting to invoke some other

procedure."); *United States v. Logan*, 532 F. Supp. 3d 725, 732 (D. Minn. 2021) ("To allow

a defendant to use a compassionate-release request as yet another avenue to attack the

legality or validity of a sentence would, as a practical matter, render nugatory the

carefully crafted rules that govern those safeguards, such as rules about preserving

issues for direct appeal, filing second or successive habeas petitions, and obtaining

certificates of appealability.").

 *Second*, Bailey argues "his prior convictions for burglary would not qualify today

as a predicate offense under the career offender guidelines."  ECF No. 136 at 3.  As an

initial matter, and as the government points out, ECF No. 144 at 6–7, Bailey did not

fulfill § 3582(c)(1)(A)'s exhaustion requirement with respect to this claim because he did

not raise it in a request for early release submitted to his warden.  *See* ECF No. 145;

18 U.S.C. § 3582(c)(1)(A) (requiring defendant to "fully exhaust[] all administrative

rights to appeal"); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (exhaustion

requirement is "a mandatory claim-processing rule" that "must be enforced so long as

the opposing party properly raises it").

 Even if Bailey had exhausted his administrative remedies with respect to his

predicate-offense claim, however, the Court would deny his motion.  Once again, Bailey

is trying to use a compassionate-release request as "an unauthorized successive motion

to vacate, set aside, or correct a sentence." *Fine*, 982 F.3d at 1119. Bailey made this same

argument about his burglary convictions in his first § 2255 motion, and argued that his

counsel was ineffective for not raising that argument at sentencing. *See* ECF No. 123.

This Court rejected Bailey's argument. ECF No. 125. Bailey raised this argument again

in a "Motion for Correction of a Clerical Error Pursuant to Fed. R. Crim. P. 36." ECF

No. 130. This Court denied the motion after finding that it was "in substance a second

or successive motion for relief under § 2255." ECF No. 131. Bailey raised this argument

yet again in petitioning the Eighth Circuit for permission to file a successive § 2255

motion. *See* ECF Nos. 127, 132. The Eighth Circuit denied Bailey's request. ECF

No. 134. And now Bailey seeks to raise the argument for a fourth time. Again, though,

Bailey "cannot avoid the restrictions of the post-conviction relief statute by resorting to

a request for compassionate release instead." *Crandall*, 25 F.4th at 586.

  *Finally*, putting all of this aside, a court is required to "consider[] the factors set

forth in section 3553(a) to the extent that they are applicable" in deciding whether to

reduce a sentence under § 3582(c)(1)(A). All of the § 3553(a) factors militate strongly

against a sentence reduction for Bailey. As the Court explained in denying his § 2255

motion:

> The Court sentenced Bailey to 120 months in prison,
> the top of the guidelines range and the statutory maximum.

ECF No. 93. In describing the reasons for its sentence, the
Court cited a large number of aggravating factors, including
that Bailey had fled from a traffic stop and defied the orders
of a police officer to stop running; Bailey had dropped his
gun in a residential backyard where it was found by two
small children; Bailey had demonstrated no remorse for his
crime and instead had expressed contempt for the
grandfather of the children, who had alerted police to
Bailey's gun; Bailey's extensive and violent criminal history,
which put him in criminal-history category VI with points to
spare; the fact that Bailey had committed his crime within a
year after being released from prison and while on
supervised release; Bailey's numerous infractions while in
prison, while on supervised release, and even while in jail
awaiting sentencing in this case; and the fact that Bailey had
no real job history, but instead had made his living by
stealing, selling drugs, and taking money from his mother.
ECF No. 111 at 14:23–16:18.

ECF No. 125 at 1–2. In light of these facts, a sentence reduction for Bailey would fail to

reflect the seriousness of his offense, fail to adequately deter Bailey or others, and,

especially, fail to protect the public from further crimes by Bailey.

For these reasons, Bailey's motion for compassionate release is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT Bailey's motion for a sentence reduction [ECF No. 136]

is DENIED.

Dated:  March 16, 2022               s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge