UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,          Case No. 14-CR-0270 (PJS/TNL)

          Plaintiff,

v.                               ORDER

TIMOTHY JEROME BAILEY,

          Defendant.

Timothy Jerome Bailey, pro se.

Defendant Timothy Jerome Bailey is serving a 120-month sentence after being convicted of possessing a firearm as a felon. ECF No. 93 at 1–2. The procedural history of his case is described at length in the Court's March 16, 2022, order denying Bailey's first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 148. This matter is now before the Court on what Bailey calls a "Supplement Motion to Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)." ECF No. 149. But there are still no "extraordinary and compelling reasons" to reduce Bailey's sentence, and all of the § 3553(a) factors still militate strongly against a sentence reduction.

Bailey barely argues to the contrary.[1]  Instead, Bailey once again uses a compassionate-release motion to launch a lengthy attack on the legality of his sentence. But as the Eighth Circuit has repeatedly held[2]—and as this Court has already explained to Bailey—a motion that attacks the legality of a sentence is in substance a § 2255 motion (no matter how the motion is labeled), and because Bailey has already brought a § 2255 motion, he cannot bring another one without getting the permission of the Eighth Circuit.  *See* 28 U.S.C. § 2255(h).  He has not done so, and thus the Court must deny his motion.

For these reasons, Bailey's motion for compassionate release is denied.

_____

[1]For example, Bailey does not even mention the § 3553(a) factors in his motion, even though the Court is required to consider them, and even though the Court relied on them just months ago to deny Bailey's prior motion for compassionate release.  *See* ECF No. 148 at 5–6.

[2]The Eighth Circuit has been clear that a defendant "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."  *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *see also United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a § 2255 motion . . . and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement . . . for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure."); *United States v. Logan*, 532 F. Supp. 3d 725, 732 (D. Minn. 2021) ("To allow a defendant to use a compassionate-release request as yet another avenue to attack the legality or validity of a sentence would, as a practical matter, render nugatory the carefully crafted rules that govern those safeguards, such as rules about preserving issues for direct appeal, filing second or successive habeas petitions, and obtaining certificates of appealability.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT Bailey's motion to reduce sentence [ECF No. 149] is

DENIED.

Dated:  June 22, 2022                                s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge